UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                               :

WANDE BRITO,                   :        05 Civ. 8972 (RJH)
                               :

             Petitioner,      :

                               :        **<u>MEMORANDUM</u>**
        -against-            :     **<u>OPINION AND ORDER</u>**
                               :

WILLIAM E. PHILLIPS, Superintendent of   :
Green Haven Correctional Facility,       :

                               :

            Respondent.     :
                               :
-------------------------------------------------------------x

       Petitioner Wande Brito brings this petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254, challenging his state court conviction of depraved indifference murder

in the second degree.  In his petition, Brito argues that he was denied effective assistance

of counsel at trial and on appeal in violation of the Sixth and Fourteenth Amendments.

       On September 18, 2006, Magistrate Judge James C. Francis IV issued a Report

and Recommendation (the "Report") recommending that Brito's petition be denied.  Brito

filed his objections to the Report in a timely manner and requested that the Court conduct

a *de novo* review of certain issues contained in the petition pursuant to 28 U.S.C. §

636(b)(1).  Having done so, and for the reasons that follow, the Court denies the petition.

## BACKGROUND

       Petitioner Wande Brito and his brother Jarlyn Brito were at a restaurant in the

Bronx during the early morning hours of February 14, 1999.  (Trial Tr. 412.)  Adrian

Medina was also at the restaurant with his uncle, Juan Ferreira.  *Id.*  Medina and Jarlyn

Brito got involved in a fight outside of the restaurant, during which Ferreira was present.

(Trial Tr. 173–74.)  Brito, who was wearing a black sweater, became involved in the altercation, aimed a gun at Medina's head and fired two shots, both of which missed.  *Id.* The police arrived at the restaurant ten to fifteen minutes after Brito fired his gun at Medina.  (Trial Tr. 174.)

Shortly thereafter, the police found Ferreira's body lying in the street several blocks from the restaurant.  (Trial Tr. 308–09.)  A police officer encountered Brito nearby, and when a police officer shouted to Brito, Brito began to run.  (Trial Tr. 310–11.)  Brito was apprehended and arrested not long afterwards.  *Id.*

At trial, an eyewitness testified that he was sitting in a bread delivery truck near the scene of the crime when he saw a man in a black sweater chase after Ferreira, stab him once in the head and flee.  (Trial Tr. 91–106.)  This witness later identified Brito in a lineup.  (Trial Tr. 97.)  A second witness testified that he had seen the stabbing from a nearby first floor window.  (Trial Tr. 322–24.)  This witness testified that after an argument, a man in a black sweater stabbed Ferreira once in the head and then ran away. *Id.*

Brito was charged with intentional murder in the second degree for the killing of Ferreira, depraved indifference murder for the killing of Ferreira, attempted murder in the second degree for shooting at Medina and criminal possession of a weapon.  At trial, Brito's counsel presented a defense based on misidentification, but also requested that the jury be charged on the alternative defense of justification.  (Trial Tr. 35–37, 100–14, 325–32, 385–88, 417–24, 427–28.)  At the close of evidence, Brito's trial counsel made a motion to dismiss the charges against his client "on the basis that it is not sufficient

credible evidence [sic] for a jury to return a verdict of guilt in this case." (Trial Tr. 361.) The motion was denied. (Trial Tr. 361–62.)

The jury found Brito not guilty of intentional murder in the second degree and also acquitted him of attempted murder in the second degree for shooting at Medina. (Trial Tr. 571.) The jury convicted Brito of depraved indifference murder for the killing of Ferreira and criminal possession of a weapon in the second degree. *Id.* Brito was sentenced to twenty-three years to life in prison on the murder count and fifteen years on the weapon possession count, the sentences to be served concurrently. (Sentencing Mins. 13.)

Brito appealed his conviction to the Appellate Division, First Department, asserting that he received ineffective assistance of counsel at trial. Brito argued that his trial counsel was ineffective for requesting a justification charge that lacked evidentiary support and that was inconsistent with the misidentification defense. (Def's Br., attached as Ex. 1 to Aff. of Christopher J. Blira-Koessler.) The Appellate Division affirmed Brito's conviction on April 1, 2003, finding that his trial counsel's offering an alternative theory, although risky, did not constitute ineffective assistance of counsel at trial. *People v. Brito*, 758 N.Y.S.2d 23, 24 (N.Y. App. Div. 2003). The Court of Appeals denied leave to appeal. *People v. Brito*, 798 N.E.2d 351 (N.Y. 2003).

Brito then filed a motion before the trial court to vacate the judgment pursuant to New York Criminal Procedure Law § 440.10 on the ground that he received ineffective assistance of counsel at trial. Brito again argued that trial counsel should not have requested the justification charge and added that his trial counsel should have raised the affirmative defense of extreme emotional disturbance. The trial court denied the motion

on September 23, 2004.  (Order dated Sept. 23, 2004, attached as Ex. 8 to Aff. of Christopher J. Blira-Koessler.)  The Appellate Division denied leave to appeal.  (Order dated Aug. 4, 2005, attached as Ex. 15 to Aff. of Christopher J. Blira-Koessler.)

Finally, Brito moved by a writ of error *coram nobis* for a new appeal on the ground that he received ineffective assistance of counsel on appeal.  The Appellate Division denied the motion, the Court of Appeals denied leave to appeal, and neither court issued an opinion.  *People v. Brito*, 836 N.E.2d 1156 (N.Y. 2005).

## STANDARD OF REVIEW

A district court judge may designate a magistrate to hear and determine certain motions and to submit to the court proposed findings of fact and a recommendation as to the disposition of the motion.  *See* 28 U.S.C. § 636(b)(1).  Within ten days of service of the recommendation, any party may file written objections to the magistrate's report.  *Id.* Upon review of those portions of the record to which objections were made, the district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Where neither party makes a timely objection to the magistrate judge's findings, a district court "'need only satisfy itself that there is no clear error on the face of the record.'"  *Johnson v. Reno*, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted)); *see also Bryant v. New York State Dep't of Corr. Servs. Albany*, 146 F. Supp. 2d 422, 424–25 (S.D.N.Y. 2001) (courts may accept those portions of report to which no written objection has been made, so long as they are "not facially erroneous").

Reviewing courts should review a report and recommendation for clear error

where objections are "merely perfunctory responses," argued in an attempt to "engage the

district court in a rehashing of the same arguments set forth in the original petition."

*Vega v. Artuz*, No. 97 Civ. 3775 (LTS), 2002 U.S. Dist. LEXIS 18270, 2002 WL

31174466, at *1 (S.D.N.Y. Sept. 30, 2002); *accord Nelson v. Smith*, 618 F. Supp. 1186,

1189 (S.D.N.Y. 1985).  On the other hand, where objections to a report are "specific and .

. . address only those portions of the proposed findings to which the party objects,"

district courts should conduct a *de novo* review of the issues raised by the objections.

*Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–

82 (W.D.N.Y. 1992); *see also* Fed. R. Civ. P. 72(b).

Because the petitioner does not object to Judge Francis' recommendations

regarding the effectiveness of the petitioner's trial counsel, the Court finds no clear error

and adopts Judge Francis' recommendations on this issue.  Conversely, because the

petitioner made specific timely objections to Judge Francis' findings regarding the

effectiveness of appellate counsel, the Court will review those findings *de novo*.

## DISCUSSION

Brito filed his petition for a writ of habeas corpus after the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Thus, this Court

applies the standard of review established by Section 2254(d) of AEDPA.  *Torres v.

Berbary*, 340 F.3d 63, 67–68 (2d Cir. 2003); *Vasquez v. Strack*, 228 F.3d 143, 147 (2d

Cir. 2000).  Under AEDPA, a federal court may grant a petition for a writ of habeas

corpus, notwithstanding a contrary state court adjudication on the merits, in accordance

with the following provisions:

5

An application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a State court shall not be granted with respect to any

claim that was adjudicated on the merits in State court proceedings unless the

adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable
>
> application of, clearly established Federal law, as determined by the
>
> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination
>
> of the facts in light of the evidence presented in the State court
>
> proceeding.

28 U.S.C. § 2254(d).

Brito argues that the New York Court of Appeals' rejection of his motion for a

writ of error *coram nobis* for a new appeal on the basis of his receiving ineffective

assistance of appellate counsel was an unreasonable application of clearly established

federal law as determined by the Supreme Court in *Strickland v. Washington*.  466 U.S.

668 (1984).  Brito claims he is entitled to a writ of habeas corpus based on a violation of

his Sixth and Fourteenth Amendment rights to effective assistance of counsel.

Ineffective assistance of counsel claims are analyzed under the two-part test set forth in

*Strickland.  See* 466 U.S. 668, 687–88*; Lynn v. Bliden,* 443 F.3d 238, 245–46 (2d Cir.

2006).  First, petitioner must show that counsel's performance fell below the "prevailing

professional norms," thus failing to meet an "objective standard of reasonableness," and

second, petitioner must "show that the deficient performance prejudiced the defense."

*Strickland,* 466 U.S. at 687–88.  Under the *Strickland* framework, "[a] petitioner may

establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

At trial, the jury convicted Brito of depraved indifference murder rather than second-degree murder. Under New York law, a defendant cannot be convicted of depraved indifference murder where the evidence, to the extent it demonstrates the defendant's guilt, suggests only an intent to kill and not depraved indifference. *Policano v. Herbert*, 430 F.3d 82, 88 (2d Cir. 2005); *People v. Gallagher*, 508 N.E.2d 909, 910 (N.Y. 1987). Brito argues that the evidence in his case only supports a finding of intentional murder, not depraved indifference murder. *See People v. Payne*, 819 N.E.2d 634, 637 (N.Y. 2004) ([A] one-on-one shooting or knifing . . . can almost never qualify as depraved indifference murder."). Assuming Brito is correct, his appellate counsel could not have raised this claim on appeal unless Brito's trial counsel preserved the claim. *See* N.Y. Crim. Proc. § 470.05[2] (McKinney 2005) ("[A] question of law with respect to a ruling . . . of a criminal court during a trial . . . is presented when a protest thereto was registered . . . at the time of such ruling . . . or at any subsequent time when the court had an opportunity of effectively changing the same."). If Brito's trial counsel failed to preserve the argument during trial, his appellate counsel will not be deemed ineffective for omitting the waived (and thus futile) argument on appeal. *See Aparicio v. Artuz*, 269 F.3d 78, 96 (2d Cir. 2001). Thus, the issue before the court is whether Brito's trial counsel waived or preserved the argument that while the evidence supported a charge of intentional murder, it did not support a charge of depraved indifference murder.

The argument for dismissing Brito's petition rests squarely on *People v. Gray*, wherein the court held that a general motion to dismiss was not sufficient to preserve the contention that there was insufficient evidence to support a specific element of the crime charged (the defendant's knowledge of the weight of the drugs).  652 N.E.2d 919, 921 (N.Y. 1995) ("[E]ven when a motion to dismiss for insufficient evidence [is] made, the preservation requirement compels that the argument be specifically directed at the alleged error."); *see also People v. Bynum* 518 N.E.2d 4, 4 (N.Y. 1987); *People v. Dekle*, 438 N.E.2d 101, 102 (N.Y. 1984); *People v. Stahl*, 425 N.E.2d 876, 877 (N.Y. 1981); *People v. Cona,* 399 N.E.2d 1167, 1169 n.2 (N.Y. 1979).  Applying this line of cases to the facts in *Brito* suggests that trial counsel's general motion to dismiss all charges at the close of the evidence because there was "not sufficient credible evidence for a jury to return a verdict of guilt" did not preserve for appeal the contention that there was evidence sufficient only to support a charge of intentional, rather than depraved indifference murder.

Brito argues that this result is contrary to the holding of *People v. Payne*, 819 N.E.2d at 637–38.  However, the majority opinion in *Payne* does not address the issue of whether the motion to dismiss by Payne's counsel was sufficiently particularized to preserve the issue of whether there was no evidence of a required element—depraved indifference—because the murder was intentional.  The *Payne* majority does not cite or discuss *Gray*.  The majority only addresses the issue of whether defendant had preserved an issue for appeal where the trial court reserved decision on a motion to dismiss made at the close of the government's case, or whether the defendant must formally renew the motion at the close of all the evidence.  Furthermore, it is clear that the motion to dismiss

in *Payne* was not, as here, a generalized motion to dismiss all counts for lack of evidence.

Rather, defense counsel specifically directed the motion to dismiss to the depraved

indifference charge and argued "one shot from a shotgun is not depraved indifferent

action . . . as contemplated by the legislature." *Payne*, 819 N.E.2d at 642 (Read, J.,

dissenting).  While the dissent argued that even this degree of specificity did not meet the

preservation requirement set down in *Gray*, the majority did not address the issue

directly.  The most that can be said is that the majority found the motion to be sufficiently

particular in that they found the trial court "had a full opportunity to review the issue in

question." *Payne*, 819 N.E.2d at 638.  Contrary to Brito's contention, in *Payne*, neither

the majority nor minority held that a wholly-generalized motion to dismiss all counts for

insufficiency of evidence preserves for appeal the contention that a particular element of

one of the crimes charged—a depraved state of mind—was unproven.  Indeed, such a

ruling would eviscerate the preservation requirement and is clearly foreclosed by *Gray*.

The holding in *Gray* has been reaffirmed in this exact context by recent Appellate

Division cases decided subsequent to *Payne*.

     In *People v. Flores*, for example, the New York Appellate Division found that a

generalized motion to dismiss a depraved indifference murder charge did not "alert the

court to the . . . argument, that [defendant's] conduct was intentional, not reckless."  803

N.Y.S.2d 85, 86 (N.Y. App. Div. 2005), *appeal denied*, 844 N.E.2d 798 (N.Y. 2006)

(finding defense counsel's statement, "I ask for a trial order of dismissal, that the People

have not proved that defendant acted under circumstances evincing a depraved

indifference to human life," insufficient).  In the present case, the motion was far more

generalized than in *Flores*.  And *Flores* was not an anomaly.  New York courts have

consistently held that a general motion to dismiss does not preserve a challenge to the legal sufficiency of the evidence of depraved indifference.  *See People v. Danielson*, No. 8812, Ind. 5452/98, 2007 N.Y. App. Div. LEXIS 3839, 2007 WL 899685, at *1 (N.Y. App. Div. Mar. 27, 2007) (motion to dismiss was not specific enough to preserve a challenge to sufficiency of the evidence when it did not mention "that the trial evidence supported only a theory of intentional murder, not a reckless one committed under circumstances evincing a depraved indifference to human life"); *People v. Craft*, 827 N.Y.S.2d 376 (N.Y. App. Div. 2007) ("general dismissal motion" does not preserve a challenge to legal sufficiency of evidence of depraved indifference); *People v. Hall*, 820 N.Y.S.2d 526 (N.Y. App. Div. 2006), *appeal denied*, 860 N.E.2d 73 (N.Y. 2006) (motion to dismiss not "specifically directed" to the depraved indifference charge . . ."); *People v. Morrison*, 795 N.Y.S.2d 2 (N.Y. App. Div. 2005), *appeal denied*, 836 N.E.2d 1160 (N.Y. 2005) (finding that a "generalized motion to dismiss" did not preserve the argument for appeal that the defendant's conduct supported only intentional, not depraved indifference murder).

The application of the preservation rule is not a mere formality as Brito argues. As the court in *Gray* points out, there are several important reasons why a preservation rule is necessary.[1]  652 N.E.2d at 921-22.  It is especially relevant here that a particularized motion to dismiss the depraved indifference charge because the People could not prove a depraved state of mind would have alerted the judge to a potential defect in that charge and would have allowed the judge to consider dismissing the charge

---

[1] First, "[a] sufficiently specific motion might provide the opportunity for cure before a verdict is reached and a cure is no longer possible. . . .   Second, a timely objection alerts all parties to alleged deficiencies in the evidence and advances the truth-seeking purpose of the trial. . . .   Third, the timely objection advances the goal of swift and final determinations of the guilt or nonguilt of a defendant."  *Gray*, 652 N.E.2d at 921-22.

or to reformulate the jury instructions.  Making this particularized motion would also have presented both parties with the opportunity to consider alternate strategies in conducting their cases.

Because Brito's trial counsel did not preserve the argument that the evidence supported intentional murder rather than depraved indifference murder, the New York Court of Appeals' rejection of Brito's motion for a writ of error *coram nobis* for a new appeal on the basis of ineffective assistance of appellate counsel was not an unreasonable application of clearly established federal law as determined by the Supreme Court in *Strickland*.  By failing to raise an argument that was waived, Brito's appellate counsel's performance neither fell below "prevailing professional norms," nor did it prejudice his defense.[2]  *Strickland,* 466 U.S. at 687–88; *see Aparicio*, 269 F.3d at 96.  Because the performance of Brito's appellate counsel did not fail the *Strickland* test, Brito did not receive ineffective assistance of appellate counsel and is not entitled to the relief he seeks.

## CONCLUSION

Having reviewed petitioner's claims *de novo* and found that they lack merit, the Court adopts the Report over the petitioner's objections.  The petition is denied.  The Clerk of the Court is directed to dismiss the petition and close this case.

---

[2] Despite the preservation rule, courts may review an unpreserved claim on appeal in the interest of justice. Appellate courts have the widest possible discretion in reviewing these claims.  *See* N.Y. Crim. Proc. § 470.15[6][a] (McKinney 2005) ("The kinds of determinations of reversal or modification deemed to be made as a matter of discretion in the interest of justice include, but are not limited to . . . an error or defect occurring at a trial resulting in a judgment . . . [that] deprived the defendant of a fair trial.").  Petitioner does not contend that his appellate counsel should have sought review of the claim that the defendant's actions were consistent with intentional and not depraved indifference murder in the interest of justice, and therefore the Court does not address the issue.  Additionally, even if petitioner were to have raised this claim, at least one appellate court in New York has found that "where a defendant's argument for appellate reversal rests on the unseemly assertion that he is entitled to relief because he intentionally murdered the victim, rather than having recklessly caused his death, no plausible argument can be made that review of defendant's claim is in the interests of justice."  *People v. Danielson*, No. 8812, Ind. 5452/98, 2007 N.Y. App. Div. LEXIS 3839, 2007 WL 899685, at *1 (N.Y. App. Div. Mar. 27, 2007).

SO ORDERED.

Dated: New York, New York
       April 10, 2007

                                        Richard J. Holwell
                                   United States District Judge